Filed 1/15/25  P. v. Hernandez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336351 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA477104) |
| v. | |
| ANTONIO MANUEL HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renée F. Korn, Judge.  Reversed and remanded with instructions.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

Antonio Manuel Hernandez appeals from the superior court's postconviction order denying his petition for resentencing under Penal Code section 1172.6.[1] In 2020, Hernandez pleaded no contest to attempted murder and admitted to personal discharge of a firearm, and he was sentenced to 17 years.

Hernandez filed a resentencing petition in 2023. The superior court determined at the prima facie hearing that Hernandez was not entitled to relief under section 1172.6 because the changes to the law eliminating the natural and probable consequences doctrine as a basis for liability for murder (and therefore attempted murder) had already taken effect at the time of his plea in 2020 as a result of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).

Hernandez contends, the People concede, and we agree the superior court erred in determining Hernandez was ineligible for relief as a matter of law because it was not until the enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775) in 2022 that the Legislature clarified that Senate Bill 1437's ameliorative changes applied to individuals convicted of attempted murder and voluntary manslaughter. (See § 1172.6, subd. (a).) We reverse the court's order denying Hernandez's petition for resentencing and direct the court to issue an order to show cause and hold an evidentiary hearing.

---

[1] All undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Hernandez's Plea and Sentence*

In 2019, Hernandez and a codefendant were charged with attempted premeditated murder.  (§§ 664, 187).  The complaint also alleged a principal personally used a firearm, personally and intentionally discharged a firearm, and personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (b)-(d), (e)(1)), and that the attempted murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).[2]

In February 2020, before a preliminary hearing was conducted, Hernandez pleaded no contest to attempted murder and admitted to personal discharge of a firearm (§ 12022.53, subds. (b), (e)(1)).  He received a sentence of 17 years, consisting of the middle term of seven years for the attempted murder charge plus 10 years for discharge of a firearm.

B.    *Section 1172.6 Proceedings*

On March 9, 2023, Hernandez filed a petition for resentencing under section 1172.6.  Hernandez alleged in part that he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and further alleged in his petition that at that time the natural and probable consequences doctrine was not eliminated for attempted murder, as it preceded the passage of Senate Bill 775 in 2022.

---

[2]    The facts and circumstances of the offenses are not material to our resolution of this appeal, so we do not include them here.

The superior court appointed counsel and denied Hernandez's petition after briefing and a hearing. The court ruled that because Hernandez's plea occurred after the passage of Senate Bill 1437, the prosecution could not have prosecuted him based on the natural and probable consequences doctrine, and thus he had not shown a prima facie case for relief.

Hernandez timely appealed.

## DISCUSSION

A. *Legal Background and Standard of Review*

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule by amending sections 188 and 189. (See *People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule as set forth in section 189, subdivision (e). The latter provision now requires the People to prove the defendant was the actual killer (see § 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (see § 189, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2. (See § 189, subd. (e)(3); *People v. Curiel* (2023)

4

15 Cal.5th 433, 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869.)

Senate Bill 1437 also provided a procedure, now codified in section 1172.6, for an individual convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (See *Lewis, supra,* 11 Cal.5th at p. 959.) Senate Bill 775, effective January 1, 2022, expanded the scope of potential relief by applying Senate Bill 1437's ameliorative changes, including the section 1172.6 resentencing procedure, to individuals convicted of attempted murder and voluntary manslaughter. (See § 1172.6, subd. (a).)

Under section 1172.6, if a petition for resentencing contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the petitioner has filed a facially sufficient petition. The sentencing court must then appoint counsel to represent the petitioner upon his or her request, allow briefing, and hold a hearing to determine whether the petitioner has made a prima facie case for relief. (See *Lewis, supra,* 11 Cal.5th at p. 963; see also § 1172.6, subds. (b)-(c).)

Where a petitioner makes the requisite prima facie showing the petitioner falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (See § 1172.6, subds. (c) & (d)(1).)

We independently review the superior court's prima facie determination under section 1172.6. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B.     *The Trial Court Erred in Denying Hernandez's Petition Without Issuing an Order To Show Cause*

Hernandez asserts, the People concede, and we agree the superior court erred in finding he was ineligible for relief at the prima facie stage because Hernandez could have been convicted under the natural and probable consequences doctrine.

As stated, the superior court ruled that because Hernandez's plea occurred after the passage of Senate Bill 1437, the prosecution could not have prosecuted him based on the natural and probable consequences doctrine because Senate Bill 1437 eliminated that doctrine as a basis for liability for murder. However, after Senate Bill 1437 took effect, the Courts of Appeal were divided as to whether the bill's ameliorative changes applied to convictions for *attempted* murder. Senate Bill 775 resolved this conflict by clarifying that the elimination of the natural and probable consequences doctrine as a basis for a murder conviction also applied to attempted murder. It was not until January 1, 2022, nearly two years after Hernandez's plea, that Senate Bill 775 became effective, authorizing defendants convicted of attempted murder to petition for retroactive relief. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3; see also Stats. 2021, ch. 551, § 2, subd. (a).) Thus, at the time of his plea, the law was still in flux as to whether the natural and probable consequences doctrine remained a valid basis for an attempted murder conviction.

6

Moreover, as the People agree, nothing in the record of conviction indicates Hernandez was not convicted under the natural and probable causes doctrine. A defendant is ineligible for resentencing relief if the record of conviction shows as a matter of law that the plea or conviction by jury was not based on a now-invalid theory of liability, in this case the natural and probable consequences doctrine. (See *Lewis, supra,* 11 Cal.5th at pp. 970-972; *People v. Estrada* (2024) 101 Cal.App.5th 328, 339 (*Estrada*).)

Here, Hernandez pleaded no contest before the preliminary hearing, and nothing in the record of conviction shows his plea was not based on the natural and probable causes doctrine. The complaint charged Hernandez with "willful, deliberate and premeditated attempted murder," alleging that he "unlawfully and with malice aforethought attempt[ed] to murder" the victim. "Because the crime of attempted murder was generically charged, the complaint allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine." (*Estrada, supra,* 101 Cal.App.5th at pp. 337-338.) Hernandez also "did not plead to any particular type of malice when pleading to attempted murder. Further, he did not admit to any specific theory of attempted murder. Instead, the record shows that he pleaded to the generic charge of attempted murder without the 'willful, deliberate, and premeditated' allegation. He did not admit he harbored an intent to kill." (*Id.* at p. 338.) Therefore, Hernandez's plea of no contest to the attempted murder charge "does not answer the question of whether intent could have been imputed to him under the natural and probable consequences doctrine." (*Ibid.*)

7

We agree with Hernandez and the People that the record of conviction does not show as a matter of law that Hernandez's no contest plea to attempted murder was based on a theory other than the natural and probable consequences doctrine.  Therefore, as the People concede, the superior court erred in denying Hernandez's petition on the ground the Legislature changed the law before he was convicted of attempted murder.

## DISPOSITION

The order denying Hernandez's petition for resentencing is reversed.  On remand, the superior court is directed to issue an order to show cause and to conduct an evidentiary hearing under section 1172.6, subdivision (d).


                                          MARTINEZ, P. J.

We concur:



SEGAL, J.



FEUER, J.

8